F I L E D
United States Court of Appeals
Tenth Circuit

MAY 12 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR MANUEL ORTIZ-
PLACENCIA aka Victor Alejandro
Ortiz-Placencia,

Defendant - Appellant.

No. 03-4122

(D.C. No. 2:02-CR-479-TS)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Defendant Victor Manuel Ortiz-Placencia pleaded guilty to the offense of

illegal reentry by a deported alien. *See* 8 U.S.C. § 1326(a). On August 14, 2002,

before Defendant's plea agreement, the Government filed a notice that

Defendant's sentence would be enhanced under § 1326(b) because he had a prior

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

felony conviction in California. The plea agreement, signed by Defendant and his counsel, acknowledges that his "previous criminal history includes the following conviction: On July 19, 1995, in Los Angeles, California, of DUI Vehicular Manslaughter Without Gross Negligence: case # YA024097." R. Vol. I Doc. 23 at 7-8. At his change of plea hearing Defendant again admitted the prior felony conviction.

The Presentence Report (PSR) concluded that Defendant's base offense level of eight—the level for violating § 1326(a)—was subject to a 16-level enhancement because of the prior felony conviction. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). Defendant did not object to the sentencing recommendation in the PSR. The court accepted the PSR recommendation and sentenced Defendant to the bottom of the guidelines range, 41 months' imprisonment followed by 36 months of supervised release.

Defendant appealed. In his original brief he argued that in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the court erred in imposing the 16-level enhancement based on the prior conviction "which was not alleged in the indictment or admitted by the defendant." Aplt. Br. at 1. Defendant contended that *Blakely* effectively abrogated *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that a jury is not required to find the fact of a prior conviction. After the Supreme Court decided *United States v. Booker*, 125 S. Ct.

738 (2005), Defendant filed a supplemental brief, in which he argued that "it was error for the district court to impose sentence under the erroneous assumption that the guidelines were mandatory." Aplt. Supp. Br. at 3. Defendant further argued that the error was plain, *see United States v. Olano*, 507 U.S. 725 (1993), and that the proper remedy is remand for resentencing.

Defendant's first argument, that *Almendarez-Torres* is no longer good law, is misplaced because he admitted all the facts underlying his sentence. Defendant's second argument—that sentencing under a mandatory guidelines regime is plain error—also fails. We recently noted that although mandatory application of the guidelines is *Booker* error, it is not plain error requiring a remand for resentencing unless the error was "a particularly egregious one that would result in a miscarriage of justice or otherwise call the judiciary into disrepute unless we remanded." *United States v. Gonzalez-Huerta*, No. 04-2045, slip. op. at 24 (10th Cir. Apr. 8, 2005). In *Gonzalez-Huerta* the defendant pleaded guilty to illegal reentry by a deported alien following an aggravated felony, the same crime at issue in this case. *Id.* at 2-3. He appealed his sentence, arguing that the mandatory application of the guidelines was reversible plain error. *Id.* at 4. We held that the mandatory application of the guidelines was neither "particularly egregious" nor a "miscarriage of justice" because the resulting sentence was within the national norms established by the guidelines and

the record was devoid of any evidence indicating that a lower sentence was appropriate. *Id.* at 20-22. Because Defendant, like the *Gonzalez-Huerta* defendant, admitted all the facts underlying his sentence, his case involves non-constitutional *Booker* error. The record likewise lacks evidence that indicates a lower sentence is appropriate. Defendant's case is thus indistinguishable from *Gonzalez-Huerta* and we conclude that he has failed to show that the mandatory application of the guidelines is plain error in his case.

Defendant's sentence is AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge